# IN THE COURT OF APPEALS OF IOWA

No. 22-0853
Filed June 7, 2023

**SAMUEL MONTEZ WRIGHT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Samuel Wright appeals the summary denial of his second postconviction relief application. **APPEAL DISMISSED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.

Considered by Badding, P.J., Buller, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

In 2008, Samuel Wright was convicted of first-degree murder, first-degree robbery, and first-degree kidnapping. Wright appealed and, on January 22, 2010, this court affirmed his convictions. *State v. Wright*, No. 08-1737, 2010 WL 200052, at *1 (Iowa Ct. App. Jan. 22, 2010). Procedendo issued on March 24, 2010.

On August 16, 2010, Wright filed his first application for postconviction relief (PCR) asserting newly discovered evidence and raising several issues regarding the effectiveness of previous counsel. After a trial on the merits, the application was denied, and this court affirmed on appeal. *Wright v. State*, No. 15-1530, 2017 WL 936077, at *12 (Iowa Ct. App. Mar. 8, 2017). Procedendo issued on April 17, 2017.

On June 29, 2018, our supreme court held:

> In order to avoid the difficult constitutional position that would result in denying a remedy where defense counsel allegedly provided ineffective assistance at trial and postconviction counsel is ineffective in raising that claim, we think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), *superseded by statute as stated in Sandoval v. State*, 975 N.W.2d 434, 436 (Iowa 2022).

On November 16, 2018, Wright filed his second PCR application. The State moved for summary judgment on September 9, 2019, asserting the application was time-barred. Wright, by appointed counsel, resisted the motion. The

postconviction court noted, "The sole question to be determined at this time is whether the current PCR action was filed 'promptly' after the conclusion of Wright's first PCR action." On April 29, 2022, the PCR court found the second application was not promptly filed and dismissed the application.

On May 18, 2022, the Iowa Supreme Court docketed Wright's mailed pro se informational notice of appeal and appointment of counsel. To date, neither Wright nor his court-appointed attorney has filed a notice of appeal with the district court, and the district court has never certified such a notice to the supreme court. *See* Iowa Rs. App. P. 6.102(2) (requiring a notice of appeal be timely filed with the clerk of the district court); 6.102(2)(b) (requiring an "informational copy" of the notice of appeal be filed with the supreme court); 6.802(1) (directing the district court to transmit certified copies of the notice of appeal). The supreme court ordered Wright's PCR counsel to address the issue of the court's jurisdiction.[1] Counsel asserted the court should consider granting Wright a delayed appeal based on his pro se notice of appeal expressing his good faith intent to appeal and the court's acceptance of the filing. The jurisdictional issue was ordered submitted with the appeal.

Wright's pro se notice of appeal filed in May 2022 "while he was represented by counsel was a nullity under Iowa Code section 822.3A (2021), which prohibits the filing of pro se documents by represented parties and the court's consideration thereof." *Jones v. State*, 981 N.W.2d 141, 143 (Iowa 2022). The later amendment

---

[1] Iowa Rule of Appellate Procedure 6.109(4) provides, "The attorneys . . . of record in the district court shall be deemed the attorneys . . . in the appellate court unless others are retained or appointed and notice is given to the parties and the clerk of the supreme court."

allowing pro se notices of appeal was not effective until July 1, 2022.  *See* 2022 Iowa Acts ch. 1110, § 2 (codified at Iowa Code § 822.3A(3)(b) (2023)).  Because a delayed appeal is not available in postconviction proceedings, we dismiss for lack of jurisdiction.[2]  *Jones*, 981 N.W.2d at 143.

**APPEAL DISMISSED.**

---

[2] This court is without authority to overturn supreme court precedent.  *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").